UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WESTCHESTER DIVISION
-------------------------------------------------------------X
In re:

|  |  |
|---|---|
| FIA 164 HOLDINGS LLC | Chapter  7<br>Case No.:   16-20006 rdd<br>AFFIRMATION IN SUPPORT OF MOTION TO LIFT THE AUTOMATIC STAY |
| Debtor. | |

-------------------------------------------------------------X

TO:  HON. ROBERT D. DRAIN
     UNITED STATES BANKRUPTCY JUDGE

Robert Nadel, an attorney duly admitted to practice before this Court, affirms as follows:

1. I am an associate of Rosenberg Musso Weiner, which is counsel to Neighborhood Restore Housing Development Fund Corporation ("NR"). NR is a non profit organization involved in transitioning properties from financial and physical abandonment to third party ownership so as to provide affordable housing in New York City.

2. This is a motion for relief from the automatic stay by NR, which is the owner of a building located at 440 West 164th Street, New York, New York ("the "Property"). NR requests relief from the stay pursuant to 11 U.S.C. 362(d)(1) and 11 U.S.C. 362(d)(2).

3. NR received the Property from the City through the City's Third Party Transfer ("TBT") program on October 14, 2016, after the prior owner 440 West 164th Street ("Prior Owner") failed to pay property taxes for several years. The Property has apartments (the "Apartments") which Prior Owner was managing as Co-ops. Some of these Apartments are currently under the possession and control of the debtor.

4. When the Co-op failed, the City commenced a tax foreclosure. At the conclusion of the foreclosure action, the City then transferred the Property to NR for development via the

TBT program instead of auctioning the Property.  A copy of the deed for this transfer is attached hereto as exhibit A.

    5.    NR intends to stabilize the Property, and ensure that it is restored for the benefit of the community.  Upon a successful rehabilitation, NR will transfer the Property to new owners.

    6.    Prior Owner tried to withhold ownership of the Property from NR.  Prior Owner filed a chapter 11 bankruptcy proceeding in the Southern District of New York.  This was the first bankruptcy designed to prevent the City from transferring the Property to NR (the "First Bankruptcy").

    7.    The First Bankruptcy, case number 15-20003 was filed on Match 31, 2015.  The City was ultimately granted relief from the automatic stay on August 1, 2016. Once the City obtained relief from the automatic stay, it concluded its foreclosure action by transferring the Property to NR.

    8.    Two days after the City transferred the Property to NR, the City's corporation counsel discovered that the above captioned debtor, allegedly a shareholder of Prior Owner, had filed the instant bankruptcy case the day before the City had transferred the Property to NR.  This currently pending case was the second bankruptcy case (the "Second Bankruptcy") designed to prevent NR from taking possession of the Property.

    9.    The City of New York filed a motion to annul the stay, or in the alternative, to lift the automatic stay.  By order darted December 19, 2016, this Court ratified the transfer of the Property from the City to NR.  A copy of the order is attached hereto as exhibit B. Consequently, NR is now the lawful owner of the Property, and is within its rights to commence the rehabilitation of the Property.  However, the Court did not rule on the status of the automatic

stay with respect to NR and its right to possession of the Property.

10.     Although none of its officers personally occupies the Property, upon information and belief, the debtor has rented out some of the Apartments which it has allegedly "leased" from Prior Owner, restricting NR's use of the Property.

11.     NR now seeks an order vacating the stay, so that it can evict the debtor and go forward with its rehabilitation of the Property.

12.     The December 19, 2016 order ratifying the transfer of the Property to NR did not rule on NR's right to possession of the Property.  Currently, Debtor is renting out some of the Apartments therein.  Consequently,  NR now seeks an order vacating the stay in order to obtain complete possession of the Property, in order to continue with its mission of rehabilitating the Property for the benefit of the community.

13.     11 U.S.C.§362(d)(1)  states that "the Court shall grant relief from the stay....(1) for cause including the lack of adequate protection...".

14.     As stated above, this Court signed an order ratifying the transfer of the Property to
NR, which is now the lawful owner of the Property.  NR wishes to commence a rehabilitation of the Property.  Debtor is maintaining possession of some of the Apartments therein despite having no legal authority to do so.  This constitutes cause to lift the stay.

15.     NR needs possession of the Property in order to collect rent which has gone unpaid since the transfer of the Property.  Without the rental income it could derive from the Apartments which are under the debtor's control, NR will be unable to rehabilitate the Property as contemplated by the Third Party Transfer Program. This also constitutes cause to vacate the stay.

16.     Based upon these facts, it is respectfully argued that the stay should be lifted for cause pursuant to 11 U.S.C. 362(d)(1).

17.     11 U.S.C.§362(d)(2) provides for relief "with respect to a stay of an act against property....if...(A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization.

18.     In the instant case there can be no dispute that the Property is solely owned by NR (see exhibit B).  The debtor has no equity in the Property, and, as stated above, no lawful right to possession thereof.  Debtor is at most a shareholder of an entity which no longer has any lawful right to possess the Property.

20.     Furthermore, the Property is not necessary to an effective reorganization.  As a result of this Court's order ratifying the transfer of the Property to NR, there can be no dispute that neither Prior Owner nor the debtor have any ownership rights to the Property, and as a result, no rights to possession thereof.

21.     Since the debtor has no right to possession of the Property, it is therefore not necessary to an effective reorganization herein. Furthermore, as stated above, the Debtor has no equity in the Property.  For these reasons the stay should be lifted per 11 U.S.C. 362(d)(2).

[continued on the next page]

WHEREFORE, it is respectfully requested that this Court enter an order lifting the automatic stay as to Movant, and that the order provide for such other and further relief as this court deems just and proper.

Dated: December 28, 2016
Brooklyn, New York

ROSENBERG MUSSO WEINER, LLC
Counsel to NR

/s/   Robert Nadel
By: Robert Nadel
26 Court Street, Suite 2211
Brooklyn, new York 11242
(7180 855-68400